IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.  16-MJ-01183-STV

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSHUA GENE EALY,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

This matter is before the court for detention hearing on January 3, 2017.  The court has taken judicial notice of the court's file and the pretrial services report.  Moreover, the court has considered the proffers by the defendant and the government.

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the Defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense

prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file. Lastly, I have considered the proffers submitted by the government and defense counsel and the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Defendant has been charged in the Criminal Complaint with Conspiracy to Possess with Intent to Distribute 100 Grams or More of a Mixture and Substance Containing a Detectable Amount of Heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846.  The rebuttable presumption of detention applies in this case.

Second, I find that the defendant has waived his right to a preliminary hearing on December 21, 2016 (docket no. 24), and therefore probable cause exists that Defendant committed the crime charged.

Third, I find that defendant is unemployed and has been unemployed since 2014. Defendant does not have any assets.  Defendant self-admitted to daily heroin use. Defendant's Colorado Driver's License is revoked.  Defendant has suffered convictions for Possession of One Ounce or Less of Marihuana; Third Degree Assault-Domestic Violence; Acts of Domestic Violence; Disturbing the Peace; Registration of Fictitious Plates; Driving Under Restraint; Unsafe or Defective Vehicle; False Information to Pawnbroker by Seller (felony); Theft $500-$1,000; Disorderly Conduct-Unreasonable Noise; Trespass; and Aggressive Panhandling.  Defendant has suffered three prior failures to appear; one prior failure to pay; and one prior failure to comply all resulting in warrants being issued.  Defendant has failed to comply with diversion in the past. Defendant has had his probation revoked in the past.  Defendant has an outstanding active warrant from the Jefferson County District Court for Probation Violation.

In light of these facts, I find, by clear and convincing evidence, that defendant is a flight risk and a danger to the community and that there is no condition or combination of conditions of release will reasonably assure his presence in court and the safety of the community.  Accordingly, I order that the defendant be detained without bond.

Done this 3rd day of January 2017.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge