IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:17-cr-00010-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3. JOSHUA GENE EALY,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Beth Gibson, Assistant United States Attorney for the District of Colorado, and the defendant, Joshua Gene Ealy, personally and by counsel, John Sullivan, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

**A.  Defendant's Plea of Guilty:**

The defendant agrees to waive indictment and plead guilty to a one-count information charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), Distribution and Possession with Intent to Distribute Controlled Substance.

**B.  Government's Obligations:**

In exchange for the defendant's plea of guilty, the United States agrees to recommend the Court give the defendant full credit for acceptance of responsibility, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under " 3C1.1 and 3E1.1, comment (note 4) between the time of the

COURT EXHIBIT 1

guilty plea and sentencing. The government will file a motion to dismiss the indictment as to this defendant at the time of sentencing. The government also agrees to recommend a sentence within the advisory guideline range as calculated below.

### C. Appellate Waiver

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 13; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offenses to which this plea is being tendered are as follows:

1. The defendant knowingly or intentionally possessed heroin, a controlled substance, as charged;
2. The substance was in fact heroin; and
3. The defendant possessed the heroin with the intent to distribute it.

*See* 10th Circuit Pattern Jury Instruction § 2.85 (2011).

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) is not more than 20 years of imprisonment; a fine of not more than $1,000,000 or both; not less than three years of supervised release; and a $100 special assessment fee.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory

guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereinafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the facts are as follows. The defendant, who was otherwise homeless, lived in the detached garage of the residence where his co-defendants, Maria Santos and Javier Fernando Torres-Flores, resided. Unlike his co-defendants, the defendant was a daily user of heroin. To obtain heroin for his use, the defendant assisted Santos with various tasks, including tending her dogs and accompanying her on heroin deals. On occasion, the defendant served as a runner for Santos, delivering half ounces and ounces of heroin. The defendant, as a regular user of heroin, was not trusted with larger quantities.

The defendant, along with Santos and Torres-Flores, travelled together in a car to sell heroin on October 20, 2016. The defendant knew the purpose of the trip. Santos arranged to meet a customer in the parking lot of the Aurora Mall in Colorado. The customer was an undercover agent (UCA). The UCA got into the car with the defendant, Santos, and Torres-Flores. The UCA handed $1,200 to Torres-Flores, who

counted the money. After counting the money and conferring with Santos, Torres Flores handed the UCA two balloons of a substance later confirmed to be approximately one ounce of heroin, a controlled substance. The defendant knew the substance was heroin. The defendant understood the purpose of traveling to meet with the UCA was to sell and distribute heroin.

### VI.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. §3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A. The base guideline is § 2D1.1, with a base offense level of 16 because the stipulated facts involve more than 20 but less than 40 grams of heroin. The government will not seek to prove other conduct that would increase the base offense level.

B. None of the specific offense characteristics in § 2D1.1(b) apply.

C. The defendant was a minor participant in the criminal activity and thus receives a 2-level reduction pursuant to § 3B1.2.

D.  The adjusted offense level is 14.

E.  The defendant should receive a 2-level adjustment for acceptance of responsibility under § 3E1.1. The resulting total offense level therefore would be a 12.

F.  The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, it is estimated the defendant's criminal history category may be as high as II.

G.  The career offender/criminal livelihood/armed career criminal adjustments would not apply.

H.  The advisory guideline range resulting from these calculations is 12-18 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 10 months (bottom of Category I) to 37 months (top of Category VI). The guideline range would not exceed, in any case, the statutory maximum applicable to the count of conviction.

I. Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $5,500 to $55,000, plus applicable interest and penalties.

J. Pursuant to guideline § 5D1.2(b)(1), if the Court imposes a term of supervised release, that term is three years.

K. This case does not involve restitution.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. §3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it

deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

This document, as supplemented, states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 3/28/17

Joshua Gene Ealy
Defendant

Date: 3/28/17

John Sullivan
Attorney for Defendant

Date: 3/31/17

Beth Gibson
Attorney for the United States