CO-PROB12B
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. vs. JOSHUA GENE EALY                                    DKT. NO. 1:17CR00010-3

### PETITION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

COMES NOW, Kit Griffin, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Joshua Gene Ealy, who was placed on supervision by the Honorable R. Brooke Jackson, sitting in the United States District Court in Denver, Colorado, on June 20, 2017.  The defendant was sentenced to 7 months imprisonment and 3 years supervised release for an offense of Distribution and Possession with Intent to Distribute Controlled Substance and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. 2.  Supervision commenced on September 9, 2017, and is set to expire on November 5, 2020.  As noted in the judgment [Document 90], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

On September 9, 2017, the defendant commenced his term of supervised release. Upon commencement of supervised release, the defendant resided at Independence House, Reentry Center (RRC) as a special condition of his supervised release.  He failed to obtain employment for approximately four months. In November 2017, the defendant secured employment at Golden Corral as a prep cook.  He maintained that job for approximately nine months, at which time he quit and failed to notify his probation officer.  Since quitting his job, he has failed to secure steady employment despite the probation office passing along job leads and community resources.  He admitted that he "just didn't follow up on some of the leads he was given."

On November 14, 2018, Supervisory United States Probation Officer (SUSPO) Edgar Ruiz, and I met with the defendant to discuss him not working as well as the depression he was experiencing. At this time, the defendant was instructed to contact (or wait for contact) from a clinician at Independence House South Side (IHSS).  He acknowledged understanding.  Unfortunately, he failed to do so and the assigned therapist relayed that she could not get in contact with him after numerous failed attempts.   In December 2018, the defendant tested positive for hydrocodone and admitted to taking pain pills from an old prescription that his mother gave him.  His mother later confirmed this when the three of us had a chance to talk.  He said he had "terrible tooth pain," and didn't know what else to do.  He was referred to Stout Street Clinic by the probation office and has since sought treatment.  Not only has he tested positive, I was unable to get in contact with him after many failed home contact attempts and no response over the phone.  Finally, on January 30, 2019, I left a letter of non-compliance at the house.  The letter stated that if he did not appear for an office meeting on February 6, 2019, that court intervention would be required. He called that morning stating his mother's car

broke down and he had no way to get to the office. His mother confirmed this.  We rescheduled for the following week.

On February 11, 2019, the defendant was advised that a modification would be sought.  He agreed to reside in a residential reentry center (RRC) as a direct sanction for his noncompliant behavior.  I believe that RRC placement will provide the defendant with the extra structure, monitoring, and accountability that is needed for him to get back on track with his supervision.

To the defendant's credit, he has been participating in random urine testing and has completed weekly Moral Reconation Therapy (MRT) successfully, and he has completed individual substance abuse treatment successfully.

On February 11, 2019, the defendant executed a form entitled, "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision," which waives the right to a hearing and agrees to the proposed modification of the conditions of supervision.  Assistant U.S. Attorney David Tonini was contacted and has no objection to the proposed modification.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

Modification of the terms of Supervised Release to include the following special condition:

1. You must reside in a residential reentry center (RRC) for a period of up to 6 months, to commence as directed by the probation officer, and must observe the rules of that facility.  You may be discharged earlier than 6 months by the Probation Office, if you are determined to be in full compliance with the conditions of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Kit Griffin*
　Kit Griffin
　United States Probation Officer
　Place:　Denver
　Date:　February 25, 2019

*s/Gary W. Phillips*
　Gary W. Phillips
　Supervisory United States Probation Officer
　Place:　Denver
　Date:　February 25, 2019